United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                          Case No. 15-15595-mdc
Emily Ortiz-Ortiz                                                               Chapter 13
                Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2         User: Randi              Page 1 of 1              Date Rcvd: Jun 02, 2020
                            Form ID: 3180W            Total Noticed: 7

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 04, 2020.
db          +Emily Ortiz-Ortiz,    618 E. Wyoming Avenue,    Philadelphia, PA 19120-4628
13659161     American InfoSource LP as agent for,   DIRECTV, LLC,    PO Box 51178,
             Los Angeles, CA  90051-5478
13641159    +U.S BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE PEN,  PHFA Loan Servicing Division,
             211 North Front Street,    Harrisburg, Pennsylvania 17101-1466

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg          E-mail/Text: megan.harper@phila.gov Jun 03 2020 03:01:51     City of Philadelphia,
             City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
             Philadelphia, PA  19102-1595
smg          E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jun 03 2020 03:01:27
             Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
             Harrisburg, PA  17128-0946
smg         +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jun 03 2020 03:01:39     U.S. Attorney Office,
             c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13667606     E-mail/Text: megan.harper@phila.gov Jun 03 2020 03:01:51     City of Philadelphia,
             Law Department Tax Unit,    Bankruptcy Group, MSB,    1401 John F. Kennedy Blvd., 5th Floor,
             Philadelphia, PA  19102-1595
                                                                                          TOTAL: 4

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
13609800     ##+Porania LLC,    P. O. Box 11405,    Memphis, TN 38111-0405
                                                                           TOTALS: 0, * 0, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 04, 2020                              Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 2, 2020 at the address(es) listed below:
              ANDREW F GORNALL    on behalf of Creditor    U.S BANK NATIONAL ASSOCIATION, Et Al...
              agornall@kmllawgroup.com,   bkgroup@kmllawgroup.com
              DAVID M. OFFEN    on behalf of Debtor Emily  Ortiz-Ortiz dmo160west@gmail.com,
              davidoffenecf@gmail.com;offendr83598@notify.bestcase.com
              LEON P. HALLER    on behalf of Creditor    U.S BANK NATIONAL ASSOCIATION, Et Al... lhaller@pkh.com,
              dmaurer@pkh.com;mgutshall@pkh.com
              REBECCA ANN SOLARZ    on behalf of Creditor    U.S BANK NATIONAL ASSOCIATION, Et Al...
              bkgroup@kmllawgroup.com
              THOMAS I. PULEO    on behalf of Creditor    U.S BANK NATIONAL ASSOCIATION, Et Al...
              tpuleo@kmllawgroup.com,   bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                          TOTAL: 7

| Information to identify the case: | | | | |
|---|---|---|---|---|
| Debtor 1 | **Emily Ortiz–Ortiz** | | Social Security number or ITIN | **xxx–xx–2667** |
| | First Name  Middle Name  Last Name | | EIN  _ _–_ _ _ _ _ _ _ | |
| Debtor 2 (Spouse, if filing) | First Name  Middle Name  Last Name | | Social Security number or ITIN  _ _ _ _ | |
| | | | EIN  _ _–_ _ _ _ _ _ _ | |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | | | |
| Case number: | **15–15595–mdc** | | | |

# Order of Discharge                                                          12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Emily Ortiz–Ortiz
aka Emily Ortiz Ortiz, aka Emily Ortiz

<u>6/2/20</u>                                                    **By the court:**      <u>Magdeline D. Coleman</u>
                                                                              United States Bankruptcy Judge

### Explanation of Bankruptcy Discharge in a Chapter 13 Case

This order does not close or dismiss the case.

### Creditors cannot collect discharged debts

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

♦ debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

♦ some debts which the debtors did not properly list;

♦ debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

♦ debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

♦ debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

Form 3180W                **Chapter 13 Discharge**                page 2